# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LINDA OTERO,**

       Plaintiff,

v.                                                  Case No: 6:13-cv-599-Orl-28GJK

**MEDICOMP, INC., BARBARA MCLARNAN,**

       Defendants.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT, BARBARA MCLARNAN'S MOTION TO DISMISS (Doc. No. 20)**
>
> **FILED:**     August 12, 2013
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND.

On April 10, 2013, Plaintiff filed a complaint (the "Complaint") against Medicomp, Inc. ("Medicomp") and Barbara McLarnan ("McLarnan"), alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. In relevant part, the Complaint alleges the following:

> 7. At all times material hereto, Defendant MCLARNAN was a Supervisor at MEDICOMP, and regularly exercised the authority to: (a) hire and fire employees of MEDICOMP; (b) determine the work schedules for the employees of MEDICOMP; and (c) control the operations of her division in MEDICOMP.

> 8. Defendant MCLARNAN is an employer as defined by 29 U.S.C. § 201, et seq., in that she acted, directly or indirectly, in the interests of MEDICOMP towards Plaintiff and other similarly situated employees.

Doc. No. 1 at ¶¶ 7-8. On August 12, 2013, McLarnan filed a Motion to Dismiss the Complaint (the "Motion"), arguing that the Complaint does not adequately allege that she was Plaintiff's employer. Doc. No. 20. On August 26, 2013, Plaintiff filed a response to the Motion. Doc. No. 22.

II. **STANDARD OF REVIEW**.

Rule 8(a)(2), Federal Rules of Civil Procedure, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8's pleading standard does not require detailed factual allegations, it demands more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, "[t]hreadbare recitals of the elements of a cause of action" will not suffice unless they are supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court "must accept as true all of the allegations contained in a complaint," but it does not have to accept as true a plaintiff's legal conclusions. *Id*. Rather, legal conclusions can "provide the framework of a complaint" but "must be supported by factual allegations." *Id*. at 679.

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the "factual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face" and not merely conceivable. *Twombly*, 550 U.S. at 555, 570. A complaint is facially plausible if it contains "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard is not a "probability requirement." *Id*. A court must only find something more than a "sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 555 U.S. at 563).

**III. ANALYSIS.**

McLarnan asserts that an individual is an "employer" under the FLSA if he or she is "1) a corporate officer, 2) who is involved in the day-to-day operations of the business, or otherwise involved with decisions respecting the setting of wages[.]" Doc. No. 20 at 5 (citing *Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986)). As such, McLarnan argues that since the Complaint alleges that she was a supervisor and not a corporate officer, the Complaint does not adequately allege that she is Plaintiff's employer and, therefore, the Complaint against her must be dismissed. Doc. No. 20 at 5-7.[1] Conversely, Plaintiff argues that there is no requirement that an individual be a corporate officer to be an "employer" under the FLSA. Doc. No. 22 at 4-5. As such, Plaintiff maintains that she has adequately alleged that McLarnan is an "employer" under the FLSA. Doc. No. 22 at 5.

McLarnan cannot be held individually liable for violating the overtime provisions of the FLSA unless she is an "employer" within the meaning of the Act. *See* 29 U.S.C. § 207(a)(1). "Employer" is broadly defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). Whether an individual falls within this definition "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th

---

[1] McLarnan requests that Court take judicial notice of the fact that she is not a corporate officer of Medicomp. Doc. No. 20 at 6. In doing so, McLarnan directs the Court's attention to the "2013 Foreign Profit Corporation Annual Report" (the "Report") for Medicomp attached to the Motion. Doc. Nos. 20 at 6, 20-1. Given the recommended disposition of Motion, the undersigned finds it unnecessary to take judicial notice of the information contained in the Report.

Cir. 1973) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).[2] Specifically, courts assess the "economic reality of the relationship between the parties" to determine whether an individual is an "employer" under the FLSA. *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011) (quoting *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). In conducting this analysis, the court considers "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal*, 113 F.3d at 205.

There is no requirement that an individual must be a corporate officer in order to be an "employer" under the FLSA. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309-10 (11th Cir. 2013). In *Lamonica*, two individual defendants argued that "only [corporate] officers may be held personally liable under the FLSA[.]" *Id.* at 1310. In so arguing, the defendants, like McLarnan, relied on *Patel*'s holding that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* (quoting *Patel*, 803 F.2d at 637-8). The *Lamonica* court, however, found that *Patel* "did not purport to limit personal liability to [corporate] officers, and the Act's broad definition of 'employer' does not admit such a limitation." *Id.* As such, the *Lamonica* court held that "a supervisor's title does not in itself establish or preclude [an individual's] liability under the FLSA[.]" *Id.* In light of this holding, Plaintiff's failure to allege that McLarnan is a corporate officer is not grounds for dismissing the Complaint. Further, the allegations in the Complaint are sufficient to allege a facially plausible

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

claim that McLarnan qualifies as an "employer" under the FLSA. Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 20) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy